UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HIRAN RODRIGUEZ                                    CIVIL ACTION

VERSUS                                             NO. 26-713

NEW ORLEANS PUBLIC BELT                            SECTION "N" (3)
RAILROAD COMMISSION FOR
THE PORT OF NEW ORLEANS

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Hiran Rodriguez filed this lawsuit against Defendant, New Orleans Public Belt Railroad Commission for the Port of New Orleans ("Commission") based on an alleged pattern of train "horn blasting."[1]

Plaintiff alleges that he lives near railroad tracks operated by the Defendant. He alleges violation of his rights under the Americans with Disabilities Act ("ADA"). He also brings claims under 42 U.S.C. § 1983 for the alleged violation of his First Amendment rights.[2] Additionally, Plaintiff brings nuisance, intentional infliction of emotional distress, negligence, and negligent supervision claims under Louisiana law.[3]

The Court has permitted Plaintiff to proceed *in forma pauperis* in this proceeding under 28 U.S.C. § 1915(a). Summons has not issued, however, to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the

---

[1] R. Doc. 1.

[2] *Id.* ¶¶ 63–83.

[3] *Id.* ¶¶ 84–113.

1

requirements of the federal *in forma pauperis* statute. For the reasons below, the Court lacks subject-matter jurisdiction over Plaintiff's Complaint such that it should be dismissed without prejudice.

## I.    Standard of Law

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.*

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > **(A)** the allegation of poverty is untrue; or
> > **(B)** the action or appeal--
> > **(i)** is frivolous or malicious;
> > **(ii)** fails to state a claim on which relief may be granted; or
> > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual

2

matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, federal courts are courts of limited subject-matter jurisdiction. *See, e.g., Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). As the Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Because "subject-matter jurisdiction . . . involves a court's power to hear a case, [it] can never be forfeited or waived." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction is absent when it relies on a putative federal claim that is "so attenuated and unsubstantial as to be absolutely devoid of merit." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1005 (5th Cir. 2019) (citing *Southpark Square Ltd. v. City of Jackson*,

*Miss.*, 565 F.2d 338, 344 (5th Cir. 1977)).

## II.   Analysis

Plaintiff alleges that between August 2024 and the present, there have been "over 70 separate train horn incidents near his residence," as detailed in an "incident log."[4] Plaintiff characterizes the use of the train horns as "harassment activity."[5] Plaintiff alleges that he has a "documented psychiatric disability," of which he has informed the Commission.[6] Plaintiff maintains that a particularly "loud train horn blast" on June 1, 2025, was an "attack" that required him to visit an emergency room.[7] That visit, in turn, resulted in Plaintiff's involuntary hospitalization for ten days at a behavioral health facility.[8]

Plaintiff identifies several instances in which a train allegedly operated by Commission crew engaged in horn blasts near his residence.[9] Plaintiff also alleges that while was parked near a McDonald's restaurant on August 16, 2025, a particular train associated with the Commission engaged in "horn blasts."[10] Plaintiff also

---

[4] *Id.* ¶ 11. Plaintiff also alleged that there were "over 150 separate train horn incidents near his residence" during this same period. *Id.* The discrepancy in the number of alleged horn blasts does not affect the instant Report and Recommendation.

[5] *Id.* ¶ 17.

[6] *Id.* ¶ 9.

[7] *Id.* ¶ 20, 23.

[8] *Id.* ¶ 21.

[9] *See, e.g., id.* ¶ 32.

[10] *Id.* ¶¶ 26, 27.

identifies certain "horn blast incidents" that took place in other circumstances, such as while trains were crossing the Huey P. Long Bridge.[11]

Plaintiff submitted written complains to Commission management.[12] Plaintiff alleges that the "excessive horn operations" continued despite these complaints.[13] Plaintiff alleges that the Commission ultimately instructed him to cease his harassing, abusive, and threatening conduct.[14] In addition to complaining to the Commission, Plaintiff also filed complaints with the Federal Railroad Administration[15] and the Jefferson Parish Sheriff's Office.[16]

Plaintiff brings two federal claims. His ADA claim is based on the Commission's alleged refusal to "cease the conduct that was exacerbating his disability."[17] Construed generously, Plaintiff's complaint alleges that the Commission should have accommodated Plaintiff by ceasing the alleged horn blast harassment.[18] Plaintiff's First Amendment claim under § 1983 is based on the allegation that the Commission's threat of calling "appropriate authorities" and taking legal action was an unlawful response to his complaints of harassing horn activity.[19] According to

---

[11] *Id.* ¶ 37.
[12] *Id.* ¶ 36.
[13] *Id.* ¶ 111.
[14] *Id.* ¶¶ 38–43.
[15] Plaintiff alleges that he filed "a formal ADA and safety complaint with the Federal Railroad Administration." *Id.* ¶ 30.
[16] *Id.* ¶ 47.
[17] *Id.* ¶ 69.
[18] *Id.* ¶ 71.
[19] *Id.* ¶ 78.

Plaintiff, the Commission's general counsel "adopted a policy of dismissing Plaintiff's complaints as 'unfounded' and characterize[ed] Plaintiff's protected activity as 'threatening correspondence' that must 'cease.'"[20] For the reasons below, both of Plaintiff's federal claims are so lacking in merit that they do not give rise to federal question jurisdiction.

### A.    Plaintiff's putative ADA claim lacks any merit.

Plaintiff alleges Defendant violated Title II of the ADA. "To make out a claim under Title II, [Plaintiff] had to show: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in, or denied the benefits of, services, programs, or activities for which the public entity is responsible, or was otherwise being discriminated against; and (3) that such discrimination is because of his disability." *Luke v. Texas*, 46 F.4th 301, 305 (5th Cir. 2022) (citing 42 U.S.C. § 12132 and *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011)).

Plaintiff's vague allegations do not establish that he is a qualified individual with a disability. Even if this could be corrected through amendment, however, there are other reasons that his claims inevitably fail as a matter of law. Plaintiff is not alleging that the Commission "excluded [him] from participation in or [] denied the benefits of" any of the Commission's public services. *See id.*; *Frame v. City of Arlington,* 657 F.3d 215, 226 (5th Cir. 2011) (defining "public service"). Thus, there is

---

[20] *Id*. ¶ 82.

6

no link between the harm alleged by Plaintiff and the conduct to which the ADA is directed.

Moreover, even construed generously, the Complaint does not indicate that Plaintiff's disability caused the alleged harassment. To the contrary, Plaintiff alleges that his June 2025 involuntary hospitalization, which Plaintiff attributes to the horn blasting, put the Commission on notice of his disability.[21] Similarly, Plaintiff's allegation that he informed the Commission of his disability in August and November 2025 confirms that his disability was not the cause of the alleged harassment.[22] Thus, Plaintiff's ADA claim fails as a matter of law.[23]

### B.    Plaintiff's putative First Amendment claim lacks any merit.

Plaintiff also alleges that Defendant retaliated against him for exercising his First Amendment rights. "It is well-settled that a municipality or local government unit cannot be held liable under a theory of *respondeat superior*." *Jones v. New Orleans Pub. Belt R.R.*, No. 14-2412, 2015 WL 365562, at *2 (E.D. La. Jan. 27, 2015) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). Rather, a governmental entity is liable under § 1983 when a constitutional tort is caused through the execution of a policy or custom of the municipality. *Monell*, 436 U.S. at

---

[21] *Id.* ¶ 10.

[22] *Id.* ¶ 9.

[23] Plaintiff's claim of intentional disability discrimination arises from the same failure-to-accommodate theory and fails for the same reasons. *See id.* ¶ 72. And if Plaintiff is asserting a disparate-treatment claim, that claim fails because there is no employment relationship.

7

691. "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

While Plaintiff identifies some alleged actions taken by Defendant, Plaintiff's complaint lacks any well-plead factual allegations relative to an official custom or policy that served as a moving force behind the alleged violation of his First Amendment rights. Accordingly, his § 1983 claim should be dismissed. Moreover, amendment would be futile, including because Plaintiff has not suffered an adverse employment action nor been deprived of a government benefit based on his speech. *See Petrie v. Salame*, 546 F. App'x 466, 469 (5th Cir. 2013) ("To establish a Section 1983 First Amendment retaliation claim, Petrie must prove: "(1) the plaintiff suffered an adverse employment decision . . . .") (quotation omitted); *see also Planned Parenthood Ass'n of Hidalgo Cnty. Texas, Inc. v. Suehs*, 692 F.3d 343, 348–49 (5th Cir. 2012) (discussing the unconstitutional conditions doctrine). In short, the conduct of which Plaintiff complains does not bear any relationship to a cognizable First Amendment claim.

## III.    Conclusion

For the reasons above, Plaintiff's putative federal claims are so devoid of merit and attenuated from the statutes at issue that they do not give rise to subject-matter

8

jurisdiction. *Atakapa Indian de Creole Nation*, 943 F.3d at 1005.[24] To the extent Plaintiff has a cognizable claim (which appears doubtful), he must pursue it in state court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds.*

New Orleans, Louisiana, this 30th day of April, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[24] In the alternative, even if these federal claims had some marginal connection to the underlying statutes such that subject-matter jurisdiction exists, dismissal of these claims would remain appropriate for the reasons set forth above. In that case, the only remaining claims would be ones brought under Louisiana law such that the exercise of supplemental jurisdiction would be discretionary.